UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BLANDINO, | Case No. 2:22-cv-00685-RFB-BNW |
| Petitioner, | |
| v. | **ORDER** |
| JOSEPH LOMBARDO, et al., | |
| Respondents. | |

Petitioner Kim Blandino has submitted a *pro se* 28 U.S.C. § 2241 habeas corpus petition, (ECF No. 1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the petition is dismissed without prejudice as premature and unexhausted.

Pursuant to Habeas Rule 4,[2] the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner is seeking federal habeas relief in relation to his custody at the Clark County Detention Center ("CCDC") in violation of his due process rights based on the alleged denial of his notice of appeal filed in state court. ECF No. 1 at 6. Although Petitioner has been tried and found guilty, he is not yet subject to a final judgment of conviction as he has not been sentenced.[3]

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Rule 4 is applicable to § 2241 petitions through Rule 1(b).

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and

Petitioner attached an order from the Nevada Supreme Court providing that state appellate jurisdiction vests upon the entry of the judgment of conviction. ECF No. 1-2. The Nevada Supreme Court further instructed the clerk of the state district court to immediately transmit a certified copy of the judgment to the clerk of the appellate court. *Id*. It appears that Petitioner's claim would be moot upon the filing of the judgment of conviction in state court.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in 28 U.S.C. § 2254. See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980). Accord Justices of Boston Muni. Court v. Lydon, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); Rose v. Lundy, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); Ex parte Hawke, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts). The exhaustion requirement is meant to give state courts the first opportunity to review and correct alleged violations of federal constitutional guarantees as a matter of federal-state comity. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)).

Here, it is clear that Petitioner has not exhausted his state court remedies. Given the multiple substantial defects presented, this matter will be dismissed without prejudice. Dismissal of this action without prejudice will not materially impact the analysis of any issue in a later filed habeas proceedings, or otherwise result in substantial prejudice.

---

at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do

**IT IS THEREFORE ORDERED:**

1. Petitioner Kim Blandino's petition (ECF No. 1) is dismissed without prejudice.

2. A certificate of appealability is denied, as jurists of reason would not find dismissal of the petition to be debatable or wrong.

3. The Clerk of the Court will close this case and enter final judgment accordingly, dismissing this action without prejudice.

DATED this 26th day of May 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE